IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDDIE SMALLS,

                Plaintiff,

v.

ARISING INDUSTRIES, INC.

                Defendant.

1:17-cv-2814-WSD

**OPINION AND ORDER**

This matter is before the Court on its review of Plaintiff Eddie Smalls' ("Plaintiff") Complaint [1].

I. **BACKGROUND**

On May 13, 2015, Plaintiff began his employment as an axle and tire installer with Defendant Arising Industries, Inc. ("Defendant"). (Compl. ¶ 7). In or about March 2016, Plaintiff "began to experience race-based discrimination at the Hazlehurst, Georgia plant," and on December 1, 2016, Plaintiff's employment was terminated. (Id. ¶¶ 8-14). Although Defendant reported to the Georgia Department of Labor that Plaintiff's employment was terminated for unsatisfactory job performance, Plaintiff asserts that it was pretext for race-based discrimination. (Id. ¶¶ 17-21).

On July 26, 2017, Plaintiff, represented by counsel, filed his Complaint, asserting a single claim for race-based discrimination, in violation of 42 U.S.C. § 1981.  The Complaint heading indicates Plaintiff intended to file his Complaint in the "Southern District of Georgia."  The citizenship of Defendant is not alleged.  Defendant's principal office, and apparently its only location, is in Hazlehurst, Georgia, in the Southern District.  The Court also notes that the address for Defendant's corporate officer, and registered agent, is located in Douglas, Georgia, which is also in the Southern District.  (Compl. ¶ 6; Georgia Secretary of State, 2017 Annual Registration for Arising Industries, Inc., https://ecorp.sos.ga.gov/).

In Paragraph Three of his Complaint, Plaintiff asserts: "The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 1981, venue is appropriate in this Court."  (Compl. ¶ 3).

**II.   DISCUSSION**

A district court may raise the issue of defective venue *sua sponte*.  See, e.g., Kapordelis v. Danzig, 387 F. App'x 905, 906-907 (11th Cir. 2010), cert. denied, 131 S.Ct. 1481 (2011); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706

(11th Cir. 2011).  When venue is improper, under 28 U.S.C. § 1406, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Section 1981 does not contain an exclusive venue provision, and thus venue in this case is governed by the general venue statute, 28 U.S.C. § 1391.  See, e.g., Hayes v. RCA Service Co., 546 F. Supp. 661, 664-65 (D.D.C. 1982).  Under Section § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).[1]  Plaintiff is relying on where the alleged wrongful conduct occurred as the basis for venue.

Here, Plaintiff does not allege any facts to support that venue is proper in the Northern District of Georgia.  The claimed Section 1981 violation—the race-based discrimination—occurred at Defendant's plant in Hazlehurst, Georgia.  The City of Hazlehurst is located in Jeff Davis County, within the Brunswick Division of the United States District Court for the Southern District of Georgia.[2]  Because "a substantial part of the events or omissions giving rise to" Plaintiff's Section 1981

---

[1]   Venue is also proper in a judicial district where "a substantial part of property that is the subject of the action is located."  28 U.S.C. § 1391(b)(2). Property is not at issue in this case and this subsection does not apply.

[2]   See http://www.hazlehurstga.gov/; www.gas.uscourts.gov/gas_county.pdf. That Plaintiff may have intended to file his Complaint in the Southern District further supports that this action should be transferred.

claim occurred in Hazlehurst, venue in this action is proper in the United States District Court for the Southern District of Georgia, not the Northern District of Georgia. See 28 U.S.C. § 1391(b). The Court concludes that this action should be transferred to the United States District Court for the Southern District of Georgia. See 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **TRANSFERRED**, pursuant to 28 U.S.C. § 1406(a), to the Brunswick Division of the United States District Court for the Southern District of Georgia.

**SO ORDERED** this 28th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4